IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Elijah Gaylon Jones, | ) | Civil Action No. 2:19-cv-385-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| T. Ervin, *Mental Health Counselor*; Marie Livingston, *Mental Health Care Manager*; Matthew Rotan, *Corporal*; John Crane, *Sergeant*; Raymond Goins, *S.H.U. Sergeant*; Mark Fleming, *Sergeant*; Delhm Campagna, *Lieutenant*; R. Hollister, *Deputy Director*; J. Vandermosten, *Director*; and Greenville County, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 18) recommending the Court dismiss the Complaint in part. For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Court dismisses the Complaint in part.

I. **Background**

Plaintiff Elijah Gaylon Jones is an inmate at the Greenville County Detention Center and alleges that a mental health counselor at the jail, Defendant T. Ervin, retaliated against him by placing him in solitary confinement shortly after he filed a grievance. (Dkt. No. 1-1 at 4.) Plaintiff alleges that Ervin's supervisor, Defendant Livingston, participated in the conduct. (*Id.*) Plaintiff also alleges that the Defendant officers at the jail were deliberately indifferent to Plaintiff's constitutional rights because they failed to investigate the retaliation. (*Id.* at 4 – 5.) Plaintiff alleges that Defendant Vandermosten and Hollister, the jail's director and deputy director, also ignored

1

his claims and failed to properly train the staff. (*Id.* at 5 – 6.) Finally, Plaintiff alleges Defendant Greenville County has a custom of ignoring retaliation claims and inadequate training. (*Id.*)

On March 4, 2019, the Magistrate Judge issued a proper form order informing Plaintiff that certain portions of his Complaint were subject to dismissal for failure to state a claim and gave Plaintiff twenty-one days to file an amended Complaint or risk dismissal. (Dkt. No. 6.) Plaintiff did not file an amended complaint and on April 30, 2019, the Magistrate Judge issued an R & R which recommended, upon screening the Complaint, dismissing the deficient portions of the Complaint. (Dkt. No. 18.) Plaintiff has not filed objections.

## II. <u>Legal Standard</u>

### A. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is reviewed for clear error.

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### C. Failure to State a Claim

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

## III. Discussion

Plaintiff states plausible retaliation claims against Defendants Ervin and Livingston. *See Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). However, as the Magistrate Judge ably held, Plaintiff has failed to state any valid claims against the Defendant officers Rotan, Crane, Goins, Fleming or Campagna. The allegations, that Plaintiff informed them of the

3

retaliation and they allegedly ignored him and failed to investigate, do not make out a § 1983 claim. *See Mays v. Smith*, No. 5:18-CT-3186-FL, 2019 WL 958401, at *4 (E.D.N.C. Feb. 27, 2019) (failure to report allegedly retaliatory conduct or to investigate grievance does not make out § 1983 claim). They similarly cannot be held liable as bystanders as there is no allegation that the Defendant officers could have prevented the harm. *See Randall v. Prince George's Cty., Md.*, 302 F.3d 188, 196 (4th Cir. 2002) (standard for bystander liability).

The claims against Greenville County also fail. In South Carolina, county jails are operated by sheriffs, not counties, and sheriffs are state officials. Therefore, Greenville County is not liable for the incidents allegedly occurring in the jail. *See Cobb v. South Carolina*, No. 2:13-CV-02370-RMG, 2014 WL 4220423, at *2 (D.S.C. Aug. 25, 2014) ("since the county has no control over the operations or policy of the jail, it cannot be held liable for events that take place there.").

As the Magistrate Judge correctly held, the claims against Vandermosten and Hollister survive in part. The allegations regarding ignoring his claims are plausibly stated claims of bystander and/or supervisory liability. *See Mays*, 2019 WL 958401, at *3 (declining to dismiss on § 1915A screening claims against prison warden and administrator). However, the claims for failure to train fail, as the Complaint did not make out a claim that the subordinate officers (Defendant officers here) actually violated Plaintiffs' constitutional rights by ignoring his reports of retaliation, as discussed above. *See McBeth v. City of Union*, No. 7:15-cv-1473-BHH, 2018 WL 4594987, at *17 (D.S.C. Sept. 25, 2018) (standard for failure to train).

Finally, any claims for damages against state actors in their official capacities must be dismissed. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 – 71 (1989).

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 18) as the order of the Court and **DISMISSES**: (1) Plaintiff's claims against Defendants Rotan,

4

Crane, Goins, Fleming, Campagna and Greenville County; (2) Plaintiff's failure to train claims against Defendants Vandermosten and Hollister; and, (3) the portions of the Complaint seeking money damages against any Defendant in his or her official capacity.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

May 24', 2019
Charleston, South Carolina